UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS<br><br>    Plaintiff,<br><br>v.<br><br>NEW ENGLAND SKIN CENTER LLC and DOES 1 through 10, inclusive,<br><br>    Defendant. | Case No. **1:24-cv-11576**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Tamara Williams, by and through her undersigned counsel, and pursuant to Rules 15 of the Federal Rules of Civil Procedure, hereby respectfully moves the Court for Leave to File a First Amended Complaint, a draft of which is attached hereto as Exhibit A. Counsel for Plaintiff served a copy of this Motion and a copy of the First Amended Complaint fourteen days in advance of the date of filing, in accordance with L.R. 15.1.

## FACTUAL BACKGROUND

1. On or about June 18, 2024 Plaintiff filed her Complaint (Dkt. 1) against Defendants New England Skin Center LLC and DOES 1 through 10, inclusive ("NESC" or "Defendants") alleging copyright infringement.

2. On or about July 24, 2024, Defendant was each served with the Summons and

Complaint and Proof of Service was filed on July 25, 2024 (Dkt. 6).

3. Defendants' Answer was due on August 14, 2024.

4. On August 14, 2024, counsel for Defendant reached out to Plaintiff's counsel and requested an extension for Defendant to respond to the Complaint. That same day, Plaintiff's counsel informed Defendant's counsel that Plaintiff would agree to a 30-day extension and that Defendant had authorization to affix counsel's signature to stipulation for filing. *See* Declaration of Taryn R. Murray at ¶ 8 ("Murray Decl.").

5. Between August 14, 2024 and September 9, 2024, Plaintiff's counsel relayed an offer and sent several follow up emails to Defendant's counsel. *Id* at ¶ 9.

6. On September 9, 2024, Plaintiff's counsel indicated that no extension request had been filed by Defendant despite Plaintiff's counsel agreeing to the extension. *Id* at ¶ 10.

7. On September 12, 2024, Defendant's counsel asked for an additional three week extension to respond to the Complaint. *Id* at ¶ 11.

8. On September 13, 2024, Plaintiff's counsel agreed to the extension but indicated that she would not accrue fees for her client and requested that Defendant's counsel provide a drafted extension request for filing. *Id* at ¶ 12.

9. No extension request was ever filed by Defendant. *Id* at ¶ 13.

10. On October 7, 2024, seven weeks after Plaintiff had agreed to the initial 30 day extension and three weeks after Plaintiff had agreed to the additional three week extension, Plaintiff's counsel reached out to Defendant to indicate that Plaintiff

would be moving forward with filing a motion for default judgment. *Id* at ¶ 14.

11. On October 8, 2024, Defendant's counsel reached out indicating that the business owners, Ms. Baker-Daigle and Ms. McMackin, were involved in a dispute related to the business and implied that the dispute was holding up resolution of this claim. *Id* at ¶ 15.

12. On October 22, 2024, Plaintiff's counsel informed Defendant's counsel of Plaintiff's intent to amend the Complaint in order to add Ms. Baker-Daigle and Ms. McMackin as parties to the Complaint and inquired as to whether Defendant NESC would consent to the motion. *Id* at ¶ 16.

13. Plaintiff's counsel requested that Defendant respond to her inquiry regarding their consent for the motion by Friday October 25, 2024, but received no response. *Id* at ¶ 17.

## ARGUMENT

### A. Leave to Amend Complaint

In reviewing motions for leave to amend, courts are guided by Rule 15(a)'s instruction that ordinarily leave is to be "freely given when justice so requires." *See* Fed. R. Civ. P. 15. In *Forman v. Davis*, 371 U.S. 178 (1962), the Supreme Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. The court further noted that a party ought to be afforded the opportunity to amend so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed.

In the First Circuit, a litigant may amend a pleading once as a matter of right before a responsive pleading is filed and subsequently by the parties' consent or "by leave of court." Fed. R. Civ. P. 15(a). While "leave [to amend] shall be freely given when justice so requires," id., "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." 6 *Charles Alan Wright et al., Federal Practice and Procedure* § 1487, at 611 (2d ed. 1990). Among the adequate reasons for denying leave to amend are "undue delay" in filing the motion and "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis,* 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); *see also Grant*, 55 F.3d at 5. *Acosta-Mestre v. Hilton Int'l*, 156 F.3d 49 (1st Cir. 1998)

In the instant action, Plaintiff is not filing this motion for any undue delay, bad faith, or dilatory reason. Plaintiff made numerous attempts to resolve this matter directly with the Defendant and engaged with Defendant's counsel to provide flexibility for the Parties. Despite those efforts, Defendant has failed to engage with the Court and has thus far been uncooperative when it comes to this litigation. Further, Plaintiff has become aware of the definitive identities of the owners of the LLC. Moreover, Plaintiff has become aware of an internal issue related to the individual owners of the business' LLC that has thus far prevented the LLC from taking action in this matter. Plaintiff seeks to add all parties who may be liable for the infringement of Plaintiff's copyrighted Photograph.

Furthermore, the proposed Amended Complaint flows from the same set of operative facts and circumstances that form the basis of this action, and therefore,

granting this motion will not create any delay in discovery or affect expeditious resolution of this case on a reasonable schedule. Plaintiff believes that the individual owners are jointly and severally liable, along with the LLC, for the infringement of her copyrighted material and are purposely avoiding making decisions as it relates to the original case filing because only the LLC was named as a party in the original Complaint. It is therefore in the interest of the Court and the Parties for the Court to grant the request so that the Parties can appear and this matter can be moved along.

WHEREFORE, Plaintiff Tamara Williams, respectfully requests this Court grant her request for leave to file their First Amended Complaint, attached hereto as Exhibit A.

DATED: November 15, 2024                    Respectfully submitted,

**s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave, #200
North Las Vegas, NV 89032
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*