# Exhibit "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND SKIN CENTER LLC, TOBI BAKER-DAIGLE, individually, CHRISTINE McMACKIN, individually, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: _____<br><br>**FIRST AMEDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff Tamara Wareka p/k/a Tamara Williams, for her Complaint against New England Skin Center LLC; Tobi Baker-Daigle, individually; Christine McMackin, individually and DOES 1 through 10 inclusive, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendants because Defendants' acts of infringement complained of herein occurred in the Commonwealth of Massachusetts, Defendants' acts of infringement were directed towards the Commonwealth of Massachusetts, Defendants caused injury to

Plaintiff within the Commonwealth of Massachusetts, and Defendants have a physical presence in the Commonwealth of Massachusetts.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5. Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

6. New England Skin Center LLC ("NESC") is a Massachusetts Limited Liability Company with a principal place of business in the Commonwealth of Massachusetts, 994 Middle Street Weymouth, MA 02188

7. Upon information and belief, Defendant Tobi Baker-Daigle ("Daigle"), is an individual residing in the Commonwealth of Massachusetts, and is or was at all relevant times the principal officer, owner, or member of the Defendant business entity named in this Complaint (NESC).

8. Upon information and belief, Defendant Christine McMackin ("McMackin"), is an individual residing in the Commonwealth of Massachusetts, and is or was at all relevant times the principal officer, owner, or member of the Defendant business entity named in this Complaint (NESC).

9. Upon information and belief, the Defendant NESC, Defendant Daigle and Defendant McMackin were at all relevant times acting as agents and alter egos for each other and are thus each jointly, severally, and personally liable for the debts and liabilities of each other.

10. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some

manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

11. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

12.

## FACTUAL ALLEGATIONS

*Tamara Williams is a highly successful beauty photographer*

13. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams, previously @tamarawilliams1, which has amassed almost 636,000 followers.

14. Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Official, Glamour, Cosmopolitan*, and *Maxim*. Additionally, William's work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

15. Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Williams' work deters would be infringers from copying and profiting from her work without permission.

16. Williams often first publishes her original photograph to her Instagram page and includes a watermark on the photographs as published to her

Instagram page.

17. Williams' work often contains a watermark of her previous Instagram handle "@tamarawilliams1" or, alternatively, her updated Instagram handle "@tamarawilliams" ("Plaintiff's Watermark").

18. Williams is the sole creator and exclusive rights holder to an original close up beauty photograph (the "Beauty Photograph").

19. Williams' Beauty Photograph as originally published contained Plaintiff's Watermark.

20. Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph, which includes Plaintiff's Watermark.

21. Williams registered the Beauty Photograph with the United States Copyright Office under registration number VA 2-259-542 with an effective registration date of July 13, 2021.

22. Attached hereto as Exhibit B is a true and correct copy of registration certificate VA 2-259-542.

### *New England Skin Center LLC is a commercial business*

23. Defendant New England Skin Center LLC is a commercial medical spa offering a variety of treatments including Botox, laser hair removal, skin tightening, chemical peels, vampire breast lifts, and vampire facials among other. *See* https://newenglandskin.com/pages/our-treatments.

24. On information and belief, NESC manages and operates a Facebook page, https://www.facebook.com/neskincenter, which promotes NESC's business and services ("Defendant's Facebook").

25. Defendant's Facebook provides users a direct link to book appointments, purchase gift cards, and the opportunity to provide testimonials as to the Defendant's services in exchange for a discount on Defendant's services. *See generally* https://linktr.ee/neskincenter.

26. On information and belief, NESC manages and operates an Instagram account, @neskincenter, which promotes NESC's business and services ("Defendant's Instagram").

27. Defendant's Instagram provides users a direct link to book appointments, purchase gift cards, and the opportunity to provide testimonial as to the Defendant's services in exchange for a discount on their services. *See generally* https://linktr.ee/neskincenter.

28. Defendant's Instagram also urges users to "CALL to Book 781.803.2455" in the bio section featured at the top of the Instagram profile. *See generally* https://www.instagram.com/neskincenter/.

29. Defendant's Facebook and Defendant's Instagram shall collectively be referred to as "Defendant's Social Media Pages".

30. Upon information and belief, NESC uses its Social Media Pages to promote its services and to push traffic to its websites in order to generate direct revenue through the promotion and sale of its services.

31. Upon information and belief, Defendant Daigle is or was at all relevant times the principal officer, owner, or member of NESC and had a direct financial interest in the content and activities of Defendant's Social Media Pages (including the activities alleged in this Complaint).

32. Upon information and belief, Defendant McMackin is or was at all relevant times the principal officer, owner, or member of NESC and had a direct financial interest in the content and activities of Defendant's Social Media Pages (including the activities alleged in this Complaint).

33. Upon information and belief, the Defendants named in this Complaint (including NESC, Daigle, and McMackin) were at all relevant times acting as agents and alter egos for each other and are thus each jointly, severally, and personally liable for the debts and liabilities of each other.

34. At all relevant times, Defendant NESC, Defendant Daigle, and Defendant McMackin had the ability to supervise and control all content on Defendant's Social Media Pages.

### *NESC Engages in Copyright Infringement*

35. On or about March 17, 2024, Williams discovered her Beauty Photograph published to Defendant's Facebook in a post with the caption " THE NESC EDIT / AT HOME LIP PLUMBER – needle free! We are constantly testing the best of the best so you don't have to. Are your lips needing some love + plumping without needles? We are now carrying the incredible @lucycobeauty's Hydrating Lip Plumper. Come in an get yours!" ("Facebook Infringement").

36. True and correct screenshots of the Beauty Photograph published and displayed on Defendant's Facebook is attached hereto as Exhibit C.

37. A close inspection of the Beauty Photograph on Defendant's Facebook reveals that Plaintiff's Watermark has been intentionally blurred out.

38. A true and correct side-by-side comparison of the Beauty Photograph and the Facebook Infringement showing that Plaintiff's Watermark has been intentionally blurred out is attached hereto as Exhibit D.

39. On or about April 10, 2024, Plaintiff's counsel, while investigating this matter, discovered that Defendant had also used Plaintiff's Beauty Photograph on Defendant's Instagram page with the same caption as the Facebook Infringement: " THE NESC EDIT / AT HOME LIP PLUMBER – needle free! We are constantly testing the best of the best so you don't have to. Are your lips needing some love + plumping without needles? We are now carrying the incredible @lucycobeauty's Hydrating Lip Plumper. Come in an get yours!" ("Instagram Infringement").

40. True and correct screenshots of the Beauty Photograph published and displayed on Defendant's Instagram are attached hereto as Exhibit E.

41. A close inspection of the Beauty Photograph on Defendant's Instagram reveals that Plaintiff's Watermark has been intentionally blurred out.

42. A true and correct side-by-side comparison of the Beauty Photograph and the Instagram Infringement showing that Plaintiff's Watermark has been intentionally blurred out is attached hereto as Exhibit F.

43. The "Facebook Infringement" and the "Instagram Infringement" shall collectively be referred to as the "Infringing Posts".

44. Williams does not have record her Beauty Photograph being licensed to NESC, Daigle, or McMackin nor had Williams granted permission for NESC, Daigle, or McMackin to make a copy or publicly display the Beauty Photograph on Defendant's Social Media Pages in the Infringing Posts.

45. Williams is informed and believes that the purpose of the use of the Beauty Photograph on Defendant's Social Media Pages was to promote and encourage sales of the NESC's products and services by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved by using NESC's products and services.

46. Williams is informed and believes Defendants (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public Williams' original and unique Beauty Photograph for commercial benefit in order to acquire a direct financial benefit, through revenue from the sales of NESC's products and services from use of the Beauty Photograph.

47. On information and belief, NESC's use of the Beauty Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Beauty Photograph and Plaintiff's Watermark was removed from the Beauty Photograph as it was displayed and published in the Infringing Posts on Defendant's Social Media Pages.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photograph.

50. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Posts on Defendant's Social Media Pages.

51. Specifically, Defendants made an unauthorized copy and then publicly displayed the Beauty Photograph with the Infringing Posts.

52. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

53. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

54. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

55. Defendants were at all relevant times each acting as agents and alter egos for each other and are thus each jointly severally liable for the debts and liabilities of each other.

## SECOND CAUSE OF ACTION
### REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
### U.S.C. § 1202(b)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Defendants (including its employees, agents, contractors or others over whom he has responsibility and control) knowingly and intentionally removed copyright management information related to the Beauty Photograph with the intent to induce, enable, facilitate, or conceal its infringement of the Angelia Photograph.

58. Specifically, Defendants made unauthorized copies of the Beauty Photograph, and knowing they were not the rightful copyright owner of the Beauty Photograph, as evidenced by the presence of Plaintiff's Watermark, as seen in Exhibit A attached hereto, and Defendants blurred out Plaintiff's Watermark in the manner shown in Exhibits D and F, without Plaintiff's permission.

59. Defendants' conduct was knowing and intentional because Defendants knew that they were not the copyright owner of the Beauty Photograph; Defendant knew it had not licensed the Beauty Photograph for use on Defendant's Social Media Pages; and Defendants knew they did not have consent to use the Beauty Photograph on its Instagram or remove Plaintiff's Watermark from the Beauty Photograph.

60. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(b).

61. As a result of Defendants' violations of 17 U.S.C. § 1202(b), Williams has sustained significant injury and irreparable harm.

62. As a result of Defendants' violation of 17 U.S.C. § 1202(b), Williams is entitled to any actual damages and profits attributable to the violation of 17

U.S.C. § 1202(b), or in the alternative, Williams may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

- For a finding that Defendants infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants in an amount up to $150,000 for each work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;
- For a finding that Defendants knowingly and intentionally removed Plaintiff's copyright management information from the Angelia Photograph copyright management, pursuant to 17 U.S.C. § 1202(b).
- For an award of statutory damages for each violation of § 1202(a), in a sum of not less than $2,500 or more than $25,000, pursuant to 17 U.S.C. § 1203(c)(3)(B);
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: November 1, 2024               Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
Mass Bar No. 703750
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave #200
N. Las Vegas, NV 89032-5418
(714) 617-8373
(714) 597-6729 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Tamara Williams hereby demands a trial by jury in the above matter.

Dated: November 1, 2024                        Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
Mass Bar No. 703750
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave #200
N. Las Vegas, NV 89032-5418
(714) 617-8373
(714) 597-6729 facsimile
tmurray@higbee.law
*Attorney for Plaintiff*