UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMARA WAREKA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NEW ENGLAND SKIN CENTER, LLC<br><br>　　　　　Defendant | Civ. A. No. 1:24-cv-11576-FDS |

**CHRISTINE McMACKIN'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

PRELIMINARY STATEMENT

Tamara Wareka, a professional photographer who is professionally known as Tamara Williams, sued New England Skin Center, LLC ("NESC") for copyright infringement and violations of the provisions of the Digital Millennium Copyright Act relating to removal of copyright management information. She alleges that NESC had posted photographs she took on its Facebook and Instagram pages without permission and that it intentionally altered the copyright management information attached to the photos.

Now she seeks to add Christine McMackin, one of NESC's owners, as a defendant. But she cannot and does not allege that McMackin had any personal involvement in the alleged infringement. Nor does she allege any facts on which she could plausibly allege that the Court should hold McMackin liable for the company's alleged infringement. The proposed first amended complaint therefore fails to state a claim against McMackin on which relief can be granted. The Court should deny the motion for leave to amend.

1

FACTS ALLEGED

The proposed amended complaint alleges that NESC is a commercial medical spa that operates a Facebook page and an Instagram account. (Am. Compl. ¶¶ 23-26). It uses those social media pages to promote its business. (Id. ¶ 30). Tobi Baker-Daigle, whom Williams also seeks to add as a defendant, is "the principal officer, owner, or member of NESC" and has "a direct financial interest in the content and activities of" the social media pages. (Id. ¶ 31). Williams makes identical allegations about McMackin. (Id. ¶ 32). The amended complaint makes a purely conclusory allegation that all three defendants—NESC, Baker-Daigle, and McMackin—were acting as agents and alter egos of each other. (Id. ¶ 33). And it alleges that McMackin, as well as Baker-Daigle and NESC, "had the ability to supervise and control all content" on the social media pages. (Id. ¶ 34). Note that it does *not* allege that McMackin actually did supervise and control the social media pages. Nor does it allege that NESC, McMackin, or Baker-Daigle profited in any way from the alleged infringement; it says only that they had a financial interest.

According to the proposed amended complaint, Williams discovered that NESC had posted her copyrighted photographs on its Facebook page and on its Instagram page. She alleges that the copyright management information on the photographs had been blurred out. (Am. Compl. ¶¶ 35-42). She brings claims for copyright infringement and for violations of 17 U.S.C. § 1202(b), a statute forbidding removal or alteration of copyright management information.

ARGUMENT

A.  Standard of decision.

Courts should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court can deny the motion if the amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). An amendment is futile if "the complaint, as

amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996).

On a motion to dismiss for failure to state a claim, the Court takes the well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). The Court may also consider "official public records," "documents central to plaintiffs' claim," or "documents sufficiently referred to in the complaint." *Id.* The Court should disregard "conclusory legal allegations [or] factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *Douglas v. Hirshon,* 63 F.4th 49, 55 (1st Cir. 2023).

B.  <u>The proposed amended complaint does not allege that McMackin did anything wrong.</u>

The only allegations against McMackin are that she is an owner and officer of NESC, that she has a financial interest in whatever money NESC earns from its social media pages, that she had the ability to control and monitor those pages, and that all the defendants acted as agents and alter egos of each other. The proposed amended complaint does not allege that McMackin altered or removed Williams's CMI or that she is guilty of any of the acts that can give rise to copyright infringement liability: reproducing the copyrighted work, preparing derivative works, distributed copies of the work to the public, etc. *See* 17 U.S.C. § 106 (listing copyright owner's exclusive rights).

As the Court said in *Famous Music Corp. v. Bay Stat Harness Horse Racing & Breeding Ass'n,* 423 F. Supp. 341, 344 (D. Mass. 1976), *aff'd,* 554 F.2d 1213 (1st Cir. 1977), courts impose personal liability on corporate officers if the officer personally participated in the infringement, if the officer derived a financial benefit from the infringing activities, if the officer used the corporation as a mere instrument to carry out deliberate infringement, or if the officer

3

dominated the corporation and determined the policies that resulted in the infringement. But the amended complaint alleges none of these things. At most, the proposed amended complaint alleges in a purely conclusory way that NESC and Baker-Daigle were McMackin's agents or alter egos (¶ 33), but that conclusion, without any facts to make it plausible, is just the kind of allegation that under *Douglas v. Hirshon* the Court must ignore when deciding whether the amended complaint states a plausible claim. The best way to see the emptiness of the allegation is to see that it alleges both that NESC was McMackin's agent and that McMackin was NESC's agent, and that both were Baker-Daigle's agents (while Baker-Daigle was their agent).

Nor could Williams ever remedy the pleading deficiency with additional allegations. While the Court cannot consider matters outside of the pleadings on this motion except to the extent they are matters of which the court can take judicial notice, the Court can at least take judicial notice that in March 2024, McMackin sued Baker-Daigle in the Norfolk Superior Court for allegedly freezing her out of NESC's business at the end of 2023,[1] and that in April 2024, the Superior Court judge granted McMackin's motion for a preliminary injunction, finding that she had shown she was likely to succeed on the freeze-out claim.[2] The Court cannot accept the truth of McMackin's freeze-out claim in this procedural posture. But the claim is true, and so even with an opportunity to replead, if Williams conducts a proper investigation, she would never be able to allege that McMackin, who was frozen out of the business and not running NESC at the relevant times, had any involvement with the social media posts that are at issue in this case.

---

[1] A true copy of McMackin's verified complaint, without exhibits, is attached as Exhibit 1. The Court may take judicial notice of the fact of the complaint and the claims it makes, but not of the truth of its allegations. *See Kowalski v. Gagne,* 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matter at hand").

[2] A true copy of the judge's order is attached as Exhibit 2. Again, the Court may take judicial notice of the fact that the judge entered the order but not of the correctness of his decision.

## CONCLUSION

For these reasons, the Court should deny the motion for leave to file the first amended complaint.

> Respectfully submitted:
>
> CHRISTINE M. McMACKIN
>
> By her attorney:
>
> */s/ Theodore J. Folkman*
>
> Theodore J. Folkman (BBO No. 647642)
> RUBIN AND RUDMAN LLP
> 53 State St.
> Boston, MA 02109
> (617) 330-7135
> tfolkman@rubinrudman.com

Dated:  November 26, 2024

4121826_1